```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

STATE   FARM   MUTUAL   AUTOMOBILE
INSURANCE COMPANY

                    Plaintiff,

vs.                                       Case No.  2:11-cv-161-FtM-29DNF

RICHARD E. COCKRAM and ERIC POWERS,

                    Defendants.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on review of the Case Management Report (Doc. #15). This case was filed in federal court on the basis of diversity of citizenship under Title 28, United States Code, Section 1332. (Doc. #1.) Because the Complaint insufficiently supports subject matter jurisdiction, the Court will require it to be supplemented before proceeding further with this case.

Diversity jurisdiction requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989). Pleading residency is not the equivalent of pleading domicile.

Molinos Valle Del Cibao, C. Por A. v. Lama, 633 F.3d 1330, 1342 n.12 (11th Cir. 2011); Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009); Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)(internal quotations and citations omitted).

The Complaint alleges that each defendant is a "resident" of the State of Florida (Doc. #1, ¶¶6, 7). Because this is insufficient to allege the citizenship of either defendant, the Court will require the Complaint to be supplemented.

Accordingly, it is now

**ORDERED:**

1. Plaintiff shall file a Supplement to the Complaint within **TWENTY-ONE (21) DAYS** of the date of this Opinion and Order setting forth a sufficient factual basis for the citizenship of each defendant.

2. The Court will defer entry of the Case Management and Scheduling Order pending the filing of the supplement.

**DONE AND ORDERED** at Fort Myers, Florida, this   12th   day of September, 2011.

JOHN E. STEELE
United States District Judge