```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

STATE   FARM   MUTUAL   AUTOMOBILE
INSURANCE COMPANY,

                    Plaintiff,

vs.                                     Case No.  2:11-cv-161-FtM-29DNF

RICHARD E. COCKRAM, ERIC POWERS,

                    Defendants.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion for Summary Judgment as it Pertains to Defendant/Counter-Plaintiff Eric Powers (Doc. #38) filed on July 3, 2012. Defendant Eric Powers filed a Response (Doc. #44) and Plaintiff filed a Reply (Doc. #45). State Farm seeks a declaration that it is not required to defend and indemnify Richard E. Cockram for any damages caused to Eric Powers in a September 28, 2008 automobile accident. For the reasons set forth below, the motion is denied.

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010)(quoting Hickson Corp. v.

N. Crossarm Co., 357 F.3d 1256, 1260 (11th Cir. 2004)).  A fact is "material" if it may affect the outcome of the suit under governing law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party.  Scott v. Harris, 550 U.S. 372, 380 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010).

**II.**

State Farm Mutual Automobile Insurance Company (State Farm) filed a Supplement to Complaint for Declaratory Judgment (Amended Complaint) against Richard E. Cockram (Cockram) and Eric Powers (Powers) seeking a determination of its obligations under an insurance policy issued to Cockram relating to a motor vehicle accident that occurred on September 28, 2008, in Labelle, Florida. (Doc. #17, ¶ 1.)[1]  State Farm claims it has no obligations under the insurance policy because it rescinded the policy based upon false information provided by Cockram in his application for insurance.

Cockram completed his application for insurance on August 29, 2008.  The Application for State Farm Mutual Automobile Insurance (Doc. #47) specifically asked, and Cockram responded, as follows:

---

[1] The facts derived from the Amended Complaint are deemed undisputed based on the admissions in Eric Powers's Answer (Doc. #20).  The facts are otherwise based on the uncontested documents submitted by plaintiff in support of the motion for summary judgment.

> During the past 6 years, have you, the applicant, any household member, or any regular driver:
>
> A.  Had license suspended, revoked, or refused?  No
> B.  Had accident or loss?                        Yes
> C.  Been fined, convicted, or forfeited          No
>     bail for traffic violations?
> . . .
> Number of at-fault accidents in the past 3 years   1
> Number of minor violations in the past 3 years     0
> Number of major violations in the past 3 years     0
> Number of major violations in the past 3-5 years   0
> . . . .

(Doc. #47, Exh. B.)  The application did not define "minor violations" or "major violations".

Cockram had been arrested for DUI on August 15, 2008, in Labelle, Florida, but did not disclose the arrest because he did not believe he was guilty.  A jury convicted him in March, 2009.  (Doc. #46, pp. 8, 30, 32.)  Cockram received an Order of License Revocation, Suspension or Cancellation revoking his license effective May 25, 2009, for one year.  (Id., pp. 89, 90; Exh. 1, 3.)

By correspondence dated July 29, 2009, State Farm advised Cockram that his insurance policy would be rescinded based on "material misrepresentations" voiding the policy.  (Doc. #38-3, Exh. C, ¶ 15.)  The letter enclosed all amounts paid in connection with the application for insurance.  (Doc. #38-4, Exh. D.)  State Farm submitted the Affidavit of Kristin Batilla (Doc. #38-3), an Underwriter of the Underwriting Department with State Farm Mutual Automobile Insurance Company, providing that Cockram should have

answered "1" to the questions regarding minor or major violations in the past 3 years, and that the policy for insurance would not have been issued if the DUI arrest had been stated in the application for insurance. (Doc. #38-3, Exh. C, ¶¶ 13, 14.)

On or about September 7, 2010, Powers filed a negligence suit against Cockram in state court claiming $250,000 in damages for personal injuries stemming from the motor vehicle accident caused by Cockram on September 28, 2008. (Doc. #17, ¶¶ 10-11.)

### III.

State Farm seeks a declaration that it is not required to defend and indemnify Cockram for any damages caused to Powers for the September 28, 2008 accident.[2] State Farm argues that it properly rescinded the policy issued to Cockram because of misrepresentations by Cockram in not disclosing his arrest for a DUI prior to the issuance of the policy. Powers seeks the application of equitable estoppel.

Under Florida Statute 627.409,

> (1) Any statement or description made by or on behalf of an insured or annuitant in an application for an insurance policy or annuity contract, or in negotiations for a policy or contract, is a representation and is not a warranty. A misrepresentation, omission, concealment of fact, or incorrect statement may prevent recovery under the contract or policy only if any of the following apply:
>
> (a) The misrepresentation, omission, concealment, or statement is fraudulent or is material either to the

---

[2]A Default Judgment (Doc. #28) was entered against Cockram.

>   acceptance of the risk or to the hazard assumed by the insurer.
>
>   (b) If the true facts had been known to the insurer pursuant to a policy requirement or other requirement, the insurer in good faith would not have issued the policy or contract, would not have issued it at the same premium rate, would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss.
>
>   (2) A breach or violation by the insured of any warranty, condition, or provision of any wet marine or transportation insurance policy, contract of insurance, endorsement, or application therefor does not void the policy or contract, or constitute a defense to a loss thereon, unless such breach or violation increased the hazard by any means within the control of the insured.

Fla. Stat. § 627.409. If the insurer would have altered the terms of the policy had it known the truth, or the misrepresentation "materially affects risk", a "nonintentional misstatement in an application will prevent recovery under an insurance policy." William Penn Life Ins. Co. of N.Y. v. Sands, 912 F.2d 1359, 1362 (11th Cir. 1990). The insurer seeking to rescind a policy bears the burden to plead and prove the misrepresentation, its materiality, and the insurer's detrimental reliance. Griffin v. Am. Gen. Life & Accident Ins. Co., 752 So. 2d 621, 623 (Fla. 2d DCA 1999). The insurer is entitled to rely upon the accuracy of the information contained in the application, and has no duty to make additional inquiry. Independent Fire Ins. Co. v. Arvidson, 604 So. 2d 854, 856 (Fla. 4th DCA 1992).

Under Florida law, ambiguities in insurance contracts are resolved in favor of the insured. LaTorre v. Connecticut Mut. Life Ins. Co., 38 F.3d 538, 538, 540 (11th Cir. 1994). The issue of ambiguity is a question of law. GRG Transp., Inc. v. Certain Underwriters at Lloyd's, London, 896 So. 2d 922, 925 (Fla. 3d DCA 2005). The Affidavit of Kristin Batilla (Doc. #38-3) provides that the policy would not have been issued to Cockram under State Farm's "underwriting guidelines" had Cockram's DUI arrest been listed in the application, that the answer was material to the underwriting of the policy, and that the affiant was familiar with company procedures and guidelines for motor vehicle insurance policies. (Doc. #38-3, ¶¶ 4, 8, 14.) The unsigned Application submitted by Cockram does not contain any definitions as to what constitutes "minor violations" or "major violations", or whether an arrest without a conviction must be included as a violation of any kind. Therefore, an ambiguity does exist and must be resolved in favor of Cockram. Additionally, unlike Nationwide Mut. Fire Ins. Co. v. Kramer, 725 So. 2d 1141, 1142-43 (Fla. 2d DCA 1998), State Farm did not submit the underwriting guidelines in this case to support a policy of declining applications based on the failure to include certain violations, such as an arrest.

The issue of whether a material misrepresentation occurred is a question of fact for the jury. Haiman v. Fed. Ins. Co., 798 So. 2d 811, 811-12 (Fla. 4th DCA 2001). This is "regardless of how

obviously false or material the representations may be." <u>Anderson v. Armor Ins. Co.</u>, 674 So. 2d 174, 175 (Fla. 2d DCA 1996)(citing <u>Beneby v. Midland Nat'l Life Ins. Co.</u>, 402 So. 2d 1193 (Fla. 3d DCA 1981)).  There is a question of fact pertaining to both whether a misrepresentation occurred and if so whether it was a *material* misrepresentation.  The Court cannot determine whether the true facts "might reasonably have influenced" State Farm in deciding whether it would have accepted or rejected the risk of issuing a policy to Cockram.  <u>Singer v. Nationwide Mut. Fire Ins. Co.</u>, 512 So. 2d 1125, 1128 (Fla. 4th DCA 1987)(citing 43 Am. Jur. 2d Insurance § 1014 (1982)).

The issue of equitable estoppel, raised by Powers, appears to be misplaced.  In any event, the motion for summary judgment is due to be denied.

Accordingly, it is now

**ORDERED**:

Plaintiff's Motion for Summary Judgment as it Pertains to Defendant/Counter-Plaintiff Eric Powers (Doc. #38) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   3rd   day of August, 2012.

```
                                    JOHN E. STEELE
                                    United States District Judge
```

Copies:
Counsel of record