UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STATE  FARM  MUTUAL  AUTOMOBILE
INSURANCE COMPANY,

               Plaintiff,

vs.                        Case No.  2:11-cv-161-FtM-29DNF

RICHARD E. COCKRAM and ERIC POWERS,

               Defendants.
_____

**OPINION AND ORDER**

    This matter came before the Court for a non-jury trial on October 10, 2012, of the declaratory judgment claims between State Farm Mutual Automobile Insurance Company (State Farm) and Eric Powers (Powers).[1]  The Court heard testimony from two witnesses, received twelve exhibits, and heard the arguments of counsel.  The Court's findings of fact and conclusions of law are set forth below.

**I.**

    On August 29, 2008, Richard E. Cockram (Cockram) appeared at the State Farm office in LaBelle, Florida and applied for automobile insurance.  Cockram's application was taken by Bobbi Sue Anderson (Anderson).  While Anderson has no independent memory of

_____

[1]A Default Judgment (Doc. #28) was entered in favor of State Farm and against Richard E. Cockram on April 5, 2012.

the transaction, she identified her paperwork and general custom and practice in connection with such insurance applications, and the material portions of her testimony are not disputed.  The Court found her testimony to be credible.

Anderson began the application process by eliciting information from Cockram to complete a State Farm Insurance Auto Quote Sheet.  Pl.'s Exh. 3.  When asked about "accidents" and "tickets" he had received in the last six years, Cockram told Anderson about two accidents and one ticket for making an illegal turn.  Anderson placed this information on the Quote Sheet, and knew that neither the accidents nor the ticket would disqualify Cockram from obtaining automobile insurance from State Farm.  Cockram did not tell Anderson that he had been arrested and ticketed for Driving Under the Influence (DUI) two weeks before.  Plaintiff's Exhibit 9.[2]  Anderson ran a driving history report on Cockram, which at the time did not reflect the DUI arrest or ticket. If Cockram had told Anderson about the DUI ticket, Anderson testified that she would have stopped the application process because she knew such a ticket was a disqualifying event under State Farm's internal policies and Cockram would not be eligible for State Farm automobile insurance coverage.  Anderson testified

_____

[2]In a subsequent Examination Under Oath, Cockram confirmed that he did not tell Anderson about the DUI arrest or ticket, asserting that he did not think it was important because he was not guilty of DUI.  Pl.'s Exh. 8.

that the DUI arrest would not have been a disqualifying event, only the DUI ticket.

Believing Cockram eligible for State Farm automobile insurance, Anderson began to complete the Application for State Farm Mutual Automobile Insurance, Pl.'s Exh. 1, on her computer. Anderson proceeded to input the information given by Cockram into the computer, and asked specific additional questions. As relevant to this case, Anderson asked Cockram whether during the last six years he had "been fined, convicted, or forfeited bail for traffic violations?" Cockram truthfully answered "no".[3] Anderson then asked Cockram the "Number of minor violations in the past 3 years", the "Number of major violations in the past 3 years", and the "Number of major violations in the past 3-5 years" without defining "minor violation" or "major violation". After each question, Cockram told Anderson he had none, and Anderson inserted "0"s in the application form. Anderson pointed out to Cockram the portion of the application form in which he agreed that his "statements on this application are correct". The only portion of the application process which contains Cockram's signature is a Florida Uninsured

---

[3]While neither Anderson nor Cindy Bailey felt this answer was truthful in light of the DUI arrest and ticket, the Court finds otherwise. At the time of the application, Cockram had in fact not been fined, convicted or forfeited bail in the DUI case. The question called for no additional information, such as arrests, tickets, or pending charges, and the "no" was literally true.

Motor Vehicle Coverage - Selection/Rejection Form, which was signed by Cockram.  Pl.'s Exh. 4.

Anderson transmitted the application, as well as documents verifying Cockram's vehicle registration and current insurance, to the appropriate State Farm department.  Pl.'s Exh. 2.  Based on the information provided by Cockram during the application process, State Farm issued Policy Number 684 7953-B29-59 for the policy period of August 29, 2008 to February 28, 2009.  Pl.'s Exh. 11.

Anderson testified that while Cockram's DUI arrest would not have been important information to her, the DUI ticket was important information to the application process.  Anderson testified that if Cockram has told her about the DUI ticket, she would have stopped the application process and told Cockram that he was not eligible for insurance with State Farm.  Anderson knew from her experience that State Farm's internal policy was not to issue automobile insurance to a person who had received a DUI ticket, regardless of whether the person asserted his innocence or whether there had been a conviction.  Anderson confirmed that even if Cockram had told her about the ticket and explained he was not guilty and was going to fight the ticket, the internal policy of State Farm was that Cockram was ineligible for automobile insurance and she would have stopped the application process.

Cindy Bailey (Bailey) has been an underwriting supervisor for State Farm for approximately thirteen years.  Bailey testified that

a person who receives a DUI ticket is not eligible for automobile insurance from State Farm, regardless of actual guilt, and that had State Farm been informed of Cockram's DUI ticket it would not have issued the automobile insurance policy.

On September 28, 2008, Cockram was in an automobile accident while driving an automobile covered by the State Farm insurance policy.  Eric Powers (Powers) asserts he suffered severe bodily injury as a result of this accident, and made a claim under the State Farm policy.

Bailey testified that after the claim by Powers, State Farm re-examined Cockram's application, discovered the DUI ticket by re-running a driver's history record, and determined that Cockram had made a material misrepresentation by not disclosing the DUI ticket during the application process.  Following State Farm's internal procedures, Bailey and others within the company determined that the case met State Farm's Criteria for Rescission.  Pl.'s Exh. 5. Bailey testified that while the rescission criteria provided that a misrepresentation was material if it involved "motor vehicle conviction history," State Farm interprets this to require only a "violation" and not an actual "conviction", and that a DUI ticket was all that was required.

By a letter to Cockram dated July 29, 2009, State Farm rescinded the insurance policy and returned all monies received in

connection with the application.  Pl.'s Exh. 7.  Cockram did not challenge the rescission.

On or about September 7, 2010, Powers filed a one-count negligence suit against Cockram in the Twentieth Judicial Circuit Court, in and for Hendry County, Florida.  The lawsuit sought $250,000 in damages for personal injuries sustained in the motor vehicle accident caused by Cockram.  The lawsuit asserted that on September 28, 2008, the vehicle Powers was driving was struck in the rear by a motor vehicle operated by Cockram.  (Doc. #17, ¶¶ 10-11; Doc. #53, ¶¶ 3, 9g.)  This case remains pending in state court.

On September 30, 2011, State Farm filed a Supplement to Complaint for Declaratory Judgment (Amended Complaint) (Doc. #17) against Cockram and Powers seeking a determination of its obligations to defend and potentially indemnify Cockram under the insurance policy issued to Cockram.  State Farm asserted that the failure to disclose the DUI arrest constituted a material misrepresentation or concealment of fact under the Policy itself (Doc. #17, ¶¶ 16-18) and under Fla. Stat. § 627.409 (Doc. #17, ¶¶ 19-20).  State Farm seeks a declaration that:  (1) Cockram made material misrepresentations and concealed a fact in applying for the State Farm policy; (2) State Farm would not have issued the subject Policy had it known the true facts regarding Cockram's DUI arrest on August 15, 2008; (3) As a result of the misrepresentations and concealments of fact made by Cockram, State

Farm properly rescinded the automobile insurance policy; (4) State Farm has no obligation under the automobile insurance policy to defend or indemnify Cockram for any liability and damages that may be assessed against him in the underlying litigation by Powers; and (5) Cockram and Powers are estopped from pursuing a claim, defense and/or indemnity action against State Farm for any damages arising from the accident that occurred on September 28, 2008.

On November 2, 2011, Powers filed an Answer, Affirmative Defenses and Counterclaim and Crossclaim (Doc. #20) against State Farm and Powers.  The Counterclaim seeks a declaratory judgment that Cockram is entitled to coverage under the State Farm automobile insurance policy because State Farm could not rescind the automobile insurance policy without prior notice to the insured and because an arrest is not a conviction and therefore the failure to disclose an arrest was not relevant or material or a concealment or fraud under the policy.  There were no allegations provided in support of the Crossclaim against Cockram.  On November 21, 2011, State Farm filed an Answer and Affirmative Defenses to Counterclaim and Crossclaim (Doc. #21).

Cockram did not respond or file an answer to the Amended Complaint, and a Default (Doc. #24) and a Default Judgment (Doc. #28) were issued against Cockram as to the Amended Complaint. Powers has not pursed the Crossclaim against Cockram, so the

Crossclaim will be dismissed with prejudice for failure to prosecute.

## II.

Because subject-matter jurisdiction exists based on diversity jurisdiction pursuant to 28 U.S.C. § 1332, the parties agree that Florida law applies.  (Doc. #53, ¶¶ 1, 10.)  The Court concurs.

## A.   Statutory Right of Rescission

State Farm asserts that it had a statutory right to rescind the automobile insurance policy issued to Cockram.  If true, this would alleviate the need to determine whether rescission was proper under the provisions of the insurance policy itself because "a material misrepresentation renders the policy null and void from the date of inception."  <u>Progressive Am. Ins. Co. v. Papasodero</u>, 587 So. 2d 500, 502 (Fla. 2d DCA 1991).

Florida Statute § 627.409 provides in pertinent part:

(1) Any statement or description made by or on behalf of an insured or annuitant in an application for an insurance policy or annuity contract, or in negotiations for a policy or contract, is a representation and is not a warranty.  A misrepresentation, omission, concealment of fact, or incorrect statement may prevent recovery under the contract or policy only if any of the following apply:

(a) The misrepresentation, omission, concealment, or statement is fraudulent or is material either to the acceptance of the risk or to the hazard assumed by the insurer.

(b) If the true facts had been known to the insurer pursuant to a policy requirement or other requirement, the insurer in good faith would not have issued the policy or contract, would not have issued it at the same

-8-

> premium rate, would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss.

Fla. Stat. § 627.409(1).  The Florida Supreme Court has found this section to be an unambiguous codification of the principle of law that "a contract issued on a mutual mistake of fact is subject to being voided and defines the circumstances for the application of this principle."  Cont'l Assurance Co. v. Carroll, 485 So. 2d 406, 409 (Fla. 1986).  An insurer seeking to rescind an insurance policy bears the burden to plead and prove the misrepresentation, its materiality, and the insurer's detrimental reliance.  Griffin v. Am. Gen. Life & Accident Ins. Co., 752 So. 2d 621, 623 (Fla. 2d DCA 1999).  "An insurer is entitled, as a matter of law, to rely upon the accuracy of the information contained in the application, and has no duty to make additional inquiry."  Independent Fire Ins. Co. v. Arvidson, 604 So. 2d 854, 856 (Fla. 4th DCA 1992)(citation omitted).

## (1)   Whether Statute Applicable in This Case

Powers argues that Florida Statute Section 627.409 does not apply to automobile insurance policies when there has been a claim filed by an innocent third-party for damages and the rescission is made after the injury and claim.  State Farm filed a post-trial Supplemental Trial Brief (Doc. #70) providing examples of cases where post accident rescission occurred.

It is certainly true that the statutory right to rescind granted by Fla. Stat. § 627.409 does not apply to certain specifically identified types of insurance.  See Fla. Stat. § 627.401.  The excluded types of insurance do not include automobile insurance in general, or automobile insurance where an innocent third-party has been injured and has filed a claim before the rescission of the policy.  Absent an express exclusion by the Florida legislature, the statutory right to rescission applies to automobile insurance policies.  United Auto. Ins. Co. v. Salgado, 22 So. 3d 594 (Fla. 3d DCA 2009)("absent an express exclusion by the legislature, the right of rescission contained in section 627.409, Florida Statutes (2003), applies to PIP insurance contracts issued pursuant to the Florida Motor Vehicle No-Fault Law.")  Additionally, Florida courts have already found that the statutory right to rescission applies in a situation such as in this case.  E.g., Redland Ins. Co. v. Cem Site Constructors, Inc. 86 So. 3d 1259 (Fla. 2d DCA 2012); Mercury Ins. Co. of Fla. v. Markham, 36 So. 3d 730 (Fla. 1st DCA 2010); Penaranda v. Progressive Am. Ins. Co., 747 So. 2d 953 (Fla. 2d DCA 1999).  The Court concludes that the statutory right to rescind granted by Fla. Stat. § 627.401 can apply in the circumstances of this case.

**(2)  Whether Prior Notice Required In This Case**

The Court also rejects Powers' argument that notice is required before statutory rescission is proper.  "Under Florida

law, an insurer has the right to unilaterally rescind an insurance policy on the basis of misrepresentation in the application for insurance.  [ ]  No consent by the opposing party is needed.  [ ] By returning Towers' premium, Clarendon voided the contract between the parties rendering all of the contractual provisions, including the arbitration clause, unenforceable." Towers v. Clarendon Nat'l Ins. Co., 927 So. 2d 913, 914 (Fla. 2d DCA 2006)(internal citations omitted).  See also Fabric v. Provident Life & Accident Ins. Co., 115 F.3d 908, 912 (11th Cir. 1997)("Where a misrepresentation occurs that meets the requirements of § 627.409 the insurer, as a matter of right, may unilaterally rescind.")

### (3)  Whether Statutory Rescission Available In This Case

The issue becomes whether a misrepresentation satisfied the requirements of Fla. Stat. § 627.409(1) in this case.  State Farm contends that rescission was proper because there was a misrepresentation that was either (a) material either to the acceptance of the risk or to the hazard assumed by the insurer, or (b) if the true facts had been known to State Farm, it in good faith would not have issued the policy.  (Doc. #68, ¶¶5-6.)

### (a)  A Misrepresentation

"This Court has found that an essential prerequisite to the application of Florida Statutes section 627.409(1) is that the insured make an inaccurate statement in his application." Miquel v. Metro. Life Ins. Co., 200 F. App'x 961, 965 (11th Cir.

2006)(citations and internal quotation marks omitted).  Under the statute, the general rule is that "a misstatement in, or omission from, an application for insurance need not be intentional before recovery may be denied pursuant to section 627.409." <u>Kieser v. Old Line Life Ins. Co. of Am.</u>, 712 So. 2d 1261, 1263 (Fla. 1st DCA 1998).  The Court finds that there was one misrepresentation made by Cockram in his application for automobile insurance with State Farm.

During the application process, Cockram was specifically asked if he had received a ticket in the last six years, and he responded by identifying a ticket for an illegal turn but omitting the DUI ticket he had received just two weeks before.  Pl.'s Exh. 3. Cockram knew he had been issued the DUI ticket, and intentionally failed to disclose its existence because he believed it was not important and because he believed he was innocent.  Pl.'s Exh. 8, 80:9-15, June 25, 009.  An oral misrepresentation during the insurance application process qualifies as a misrepresentation under Fla. Stat. § 627.409(1).  <u>Central Mut. Ins. Co. v. Cropper</u>, 296 So. 2d 69, 70-71 (Fla. 2d DCA 1974).  Therefore, the failure to disclose the DUI ticket received two weeks before the application date constituted a misrepresentation to State Farm within the meaning of Fla. Stat. § 627.409(1).

The Court finds, however, that the failure to disclose the DUI arrest was not a misrepresentation.  Cockram was never asked about

an arrest, and none of the questions called for disclosure of arrests as a response.

The Court also finds that the responses to the "minor violation" and "major violation" questions do not qualify as misrepresentations. "An insurer may not deny coverage under this statute, however, if the alleged misrepresentation was in response to an ambiguous question." Mercury Ins. Co. of Fla. v. Markham, 36 So. 3d 730, 733 (Fla. 1st DCA 2010)(citations omitted). There was no evidence that Anderson actually explained to Cockram what these terms meant, or that the terms have a well-established meaning generally understood by the motoring public. Sphinx Int'l, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa, 226 F. Supp. 2d 1326, 1332 (M.D. Fla. 2002)("Under Florida law, the terms of an insurance policy are to be used in their plain and ordinary sense and given their everyday meaning as understood by the 'man on the street.'" (citations omitted)), aff'd, 412 F.3d 1224 (11th Cir. 2005). Indeed, it takes State Farm six pages to list violations that it has deemed to be "major" or "minor" violations, and this list is "NOT all inclusive." Pl.'s Exh. 6. Not all the State Farm classifications are intuitive, e.g., speeding in excess of 100 miles per hour is a "minor" violation. Additionally, there is no evidence that all "violations" must be either "major" or "minor." Indeed, most of the "violations" are considered "infractions" under Florida law. Fla. Stat. § 318.14. An objectively reasonable

-13-

person in Cockram's situation could truthfully answer the question in the negative.

### (b)  Materiality

Undisclosed information submitted in a policy application is material if the insurer would have altered the terms of the policy had the true facts been known, or if the true facts would have served as a basis for denying the policy application. <u>Cont'l Assurance Co. v. Carroll</u>, 485 So. 2d 406, 409 (Fla. 1986).  The Court finds that the undisclosed DUI ticket received two weeks prior to the application was material.  The DUI ticket is a fact which is important to both the acceptance of the risk and to the hazard assumed by State Farm in an automobile insurance policy. Additionally, it is undisputed that State Farm would not have issued the automobile insurance policy had it been informed of the DUI ticket.

### (c)  Detrimental Reliance

The testimony is uncontradicted that State Farm would not have issued the automobile insurance policy if Cockram had disclosed the DUI ticket, and that the insurance policy was issued based upon the information that Cockram did provide.  The Court finds that State Farm detrimentally relied upon the misrepresentation in its decision to issue the automobile policy to Cockram.

**(4)  Affirmative Defenses**

None of the affirmative defenses asserted by Powers are meritorious, and are rejected as provided herein.  There is no evidence that State Farm's complaint for declaratory relief was filed for the purpose of simply delaying the resolution of the state court lawsuit, so the affirmative defenses in Doc. #20, ¶¶ 27 and 37, assuming they are proper affirmative defenses, are unsupported and rejected.  There is no requirement that the insurance application be attached to the complaint, Fed. R. Civ. P. 8(a), so the affirmative defense in ¶ 28 is without merit.  Harris v. Ivax Corp., 182 F.3d 799, 802 n.2 (11th Cir. 1999)(a document central to and referenced by the complaint may be considered where the contents or authenticity are not in dispute).  Additionally, the Amended Complaint alleges sufficient facts to state a cause of action, and the affirmative defense in ¶ 41 is without merit and simply a denial.  See In re Rawson Food Serv., Inc., 846 F.2d 1343, 1349 (11th Cir. 1988)("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense.").

There is no evidence before the Court that Powers requested the statement described in Fla. Stat. § 627.4137, and in any event, the failure to provide such a statement would not preclude rescission of the insurance policy, so the affirmative defense in ¶ 29 is not well founded.  Similarly, there is no evidence before the Court that State Farm failed to comply with the requirements of

-15-

Fla. Stat. § 627.426(2)(a), but in any event, such a failure would not preclude rescission of the insurance policy, <u>Progressive Am. Ins. Co. v. Papasodero</u>, 587 So. 2d 500, 502 (Fla. 2d DCA 1991)(policy rendered null and void from the date of inception if a material mis representation finding), so the affirmative defense in ¶ 30 is also not well founded.  There is no evidence that State Farm failed to adopt and implement proper and reasonable claim handling procedures as asserted in ¶ 31, or that this would be an affirmative defense precluding rescission.  There is no evidence before the Court that State Farm misrepresented pertinent facts of insurance policy provisions related to coverages, as asserted in ¶ 32.  The alleged ambiguity of the policy language is not a defense to rescission, and there has been no evidence in any event to support ¶ 33.  There is no evidence that State Farm waived its rights to maintain this action, so the affirmative defense in ¶ 34 lacks an evidentiary foundation.  The Court finds that the facts do not establish "unclean hands" by State Farm in the application process, and there is no equitable reason to deny State Farm its statutory right of rescission under the facts of this case. Therefore, the affirmative defense in ¶ 35 has not been established.  Similarly, there has been no showing that State Farm is equitably estopped from rescission as no misrepresentation occurred by State Farm, so the affirmative defense in ¶ 36 is rejected.  Powers has not identified any condition precedent which

has not been performed by State Farm, and therefore the affirmative defense in ¶ 38 is not only insufficiently pled, Fed. R. Civ. P. 9(c), but is without factual support.  As discussed above, State Farm had no affirmative obligation to conduct an investigation of Cockram's driving history before issuing an insurance policy. Therefore, the affirmative defense in ¶ 39 fails as a matter of law.  Additionally, the uncontradicted evidence is that State Farm did check public records and that the DUI ticket was not on that record at the time of the application process.  As also discussed above, the misrepresentations by Cockram were intentional, but even an unintentional misrepresentation would support rescission, Carter v. United of Omaha Life Ins., 685 So. 2d 2, 6 (Fla. 1st DCA 1996)("Since the statute does not contain a knowledge or intent element, even unintentional or unknowing misstatements may prevent recovery under a policy, if such statements alter the risk or the likelihood of coverage."(citations omitted)).  The affirmative defense in ¶ 40 is rejected.

For the reasons set forth above, the Court denies Powers' request for a declaratory judgment that Cockram is entitled to coverage under the State Farm policy.  Cockram is not entitled to coverage because the policy was properly rescinded under the statute.

**B.   Contractual Right of Rescission**

State Farm also asserts that it was entitled to rescind the insurance policy because the policy so provided.  Since the Court has found a statutory right of rescission, the insurance policy is void from the beginning and the Court need not address this basis for rescission.

Accordingly, it is now

**ORDERED:**

1.   Judgment on the Amended Complaint (Doc. #17) shall be entered in favor of plaintiff State Farm Mutual Automobile Insurance Company and against defendant Eric Powers.

2.   Judgment on the Counterclaim (Doc. #20) by Eric Powers against State Farm Mutual Automobile Insurance Company shall be entered in favor of counter-defendant State Farm Mutual Automobile Insurance Company and against counter-plaintiff Eric Powers.

3.   The Crossclaim (Doc. #20) by Eric Powers against Richard E. Cockram is **DISMISSED WITH PREJUDICE.**

4.   The Clerk shall enter an amended judgment, incorporating the Default Judgment, as follows:

Pursuant to the Court's Order entered on April 4, 2012 granting a default judgment against Richard E. Cockram and pursuant to a non-jury trial conducted on October 10, 2012 as to Eric Powers, the Court finds and declares the following:

A.   Richard E. Cockram made a material misrepresentation to State Farm Mutual Automobile Insurance Company during his application process for automobile insurance by failing to disclose that he had received a ticket for Driving Under the Influence on August 15, 2008;

B.  Based upon the information provided by Richard E. Cockram, State Farm Mutual Automobile Insurance Company issued a personal automobile liability policy, bearing policy number 684 7953-B29-59, to Richard E. Cockram.   State Farm Mutual Automobile Insurance Company would not have issued this policy to Richard E. Cockram if it had known of the misrepresentation regarding the ticket for Driving Under the Influence issued on August 15, 2008;

C.   Based upon the material misrepresentation, State Farm Mutual Automobile Insurance Company properly rescinded the personal automobile liability policy bearing policy number 684 7953-B29-59, to Richard E. Cockram;

D.   State Farm Mutual Automobile Insurance Company does not owe any duty or obligation to defend or indemnify Richard E. Cockram for any liability and damages that may be assessed or awarded against Richard E. Cockram in the negligence lawsuit filed by Eric Powers against Richard E. Cockram in the Circuit Court of the 20th Judicial Circuit in and for Hendry County, Florida bearing Case No: 10-865-CA;

-19-

E.  Richard E. Cockram and Eric Powers are estopped from pursuing a claim, defense and/or indemnity action against State Farm Mutual Automobile Insurance Company for damages arising from the automobile accident with Defendant Eric Powers which occurred on September 28, 2008; and

F.  The Crossclaim is dismissed with prejudice.

4.  The Clerk is further directed to terminate all deadlines and to close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __16th__ day of October, 2012.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record